**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| QUINCY K. BERRY,<br>Plaintiff, | : | |
| v. | : | CIVIL ACTION NO. 25-CV-7132 |
| LARRY KRASNER, *et al.*,<br>Defendants. | : | |

**ORDER**

**AND NOW**, this 13th day of August, 2026, upon consideration of Plaintiff Quincy K. Berry's Motions to Proceed *In Forma Pauperis* (ECF Nos. 14, 15), and Second Amended Complaint (ECF No. 16), it is **ORDERED** that:

1. Leave to proceed *in forma pauperis* is **GRANTED** pursuant to 28 U.S.C. § 1915.

2. The Second Amended Complaint is **DEEMED** filed.

3. The Second Amended Complaint is **DISMISSED WITHOUT PREJUDICE** for the reasons stated in the Court's Memorandum.

4. Berry may file a third amended complaint within thirty (30) days of the date of this Order. Any third amended complaint must identify all defendants in the caption of the third amended complaint in addition to identifying them in the body of the third amended complaint and shall state the basis for Berry's claims against each defendant. The third amended complaint shall be a complete document that does not rely on the initial Complaint, Amended Complaint, Second Amended Complaint, or other papers filed in this case to state a claim. When drafting his third amended complaint, Berry should be mindful of the Court's reasons for dismissing the claims in his Second Amended Complaint as explained in the Court's Memorandum. Upon the

filing of a third amended complaint, the Clerk shall not make service until so **ORDERED** by the Court.

5. The Clerk of Court is **DIRECTED** to send Berry a blank copy of this Court's current standard form to be used by a self-represented litigant filing a civil action bearing the above-captioned civil action number. Berry may use this form to file his third amended complaint if he chooses to do so.

6. If Berry does not wish to amend and instead intends to stand on his Second Amended Complaint as originally pled, he may file a notice with the Court within thirty (30) days of the date of this Order stating that intent, at which time the Court will issue a final order dismissing the case. Any such notice should be titled "Notice to Stand on Second Amended Complaint," and shall include the civil action number for this case. *See Weber v. McGrogan*, 939 F.3d 232, 241 (3d Cir. 2019) ("If the plaintiff does not desire to amend, he may file an appropriate notice with the district court asserting his intent to stand on the complaint, at which time an order to dismiss the action would be appropriate." (quoting *Borelli v. City of Reading*, 532 F.2d 950, 951 n.1 (3d Cir. 1976))); *In re Westinghouse Sec. Litig.*, 90 F.3d 696, 703–04 (3d Cir. 1996) (holding "that the district court did not abuse its discretion when it dismissed with prejudice the otherwise viable claims . . . following plaintiffs' decision not to replead those claims" when the district court "expressly warned plaintiffs that failure to replead the remaining claims . . . would result in the dismissal of those claims").

7. If Berry fails to file any response to this Order, the Court will conclude that Berry intends to stand on his Second Amended Complaint and will issue a final order dismissing this case.[1] *See Weber*, 939 F.3d at 239-40 (explaining that a plaintiff's intent to stand on his

[1] The six-factor test announced in *Poulis v. State Farm Fire & Casualty Co.*, 747 F.2d 863 (3d Cir. 1984), is inapplicable to dismissal orders based on a plaintiff's intention to stand on her complaint.

complaint may be inferred from inaction after issuance of an order directing him to take action to cure a defective complaint).

**IT IS SO ORDERED.**

**BY THE COURT:**

*/s/ R. Barclay Surrick*
**R. BARCLAY SURRICK, J.**

---

*See Weber*, 939 F.3d at 241 & n.11 (treating the "stand on the complaint" doctrine as distinct from dismissals under Federal Rule of Civil Procedure 41(b) for failure to comply with a court order, which require assessment of the *Poulis* factors); *see also Elansari v. Altria*, 799 F. App'x 107, 108 n.1 (3d Cir. 2020) (*per curiam*). Indeed, an analysis under *Poulis* is not required when a plaintiff willfully abandons the case or makes adjudication impossible, as would be the case when a plaintiff opts not to amend her complaint, leaving the case without an operative pleading. *See Dickens v. Danberg*, 700 F. App'x 116, 118 (3d Cir. 2017) (*per curiam*) ("Where a plaintiff's conduct clearly indicates that he willfully intends to abandon the case, or where the plaintiff's behavior is so contumacious as to make adjudication of the case impossible, a balancing of the *Poulis* factors is not necessary."); *Baker v. Accounts Receivables Mgmt., Inc.*, 292 F.R.D. 171, 175 (D.N.J. 2013) ("[T]he Court need not engage in an analysis of the six *Poulis* factors in cases where a party willfully abandons her case or otherwise makes adjudication of the matter impossible." (citing cases)).